# Moudy, Appellant, *v.* Bell et al.

*Landlord and tenant—Mortgages—Purchaser at sheriff's sale—Dispossession—Trespass—Personal property on premises—Trover and conversion.*

1. The purchaser of real estate at a sheriff's sale, who peaceably obtains possession of the premises, is not liable in trespass to a lessee of the premises where the lease was subject to the mortgage upon which the property was sold.

2. In such case there is no conversion of personal property belonging to the lessee and remaining on the premises where there is no demand for such personal property by the lessee or a refusal by the purchaser to turn it over.

Argued April 18, 1911. Appeal, No. 249, Jan. T., 1910, by plaintiff, from judgment of C. P. Huntingdon Co., Sept. T., 1909, No. 10, on verdict for defendant in case of Orlena Moudy v. W. T. Bell, Allen S. Welch, Samuel Cremer, W. I. Stratford and Frank Keil. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to real property and conversion of personalty. Before SAVIDGE, P. J.

On January 11, 1906, Orlena Moudy entered into a written lease with the William H. Moudy Manufacturing Company of a certain chair factory in the borough of Mount Union, known as the Moudy Chair Company's plant, or the DeFrehn Chair Company. By its terms she was to pay a rental of $600 per year. At the time this property was rented to her it was subject to a mortgage given February 11, 1893, by the DeFrehn Chair Company, a prior owner, to William McMurtrie Spear and Robert E. Speer, in the amount of $12,000. When the property was purchased by the William H. Moudy Manufacturing Company, the mortgage was still $12,000, with interest. This amount was reduced until in April, 1908, it was $7,500. By an agreement between the William H. Moudy Manufactur-

ing Company, and W. T. Bell, A. S. Welch and others, who were the guarantors of the mortgage, it was to be paid at the rate of $500 a year with interest on the amount remaining unpaid. On April 12, 1909, a payment of $500 became due. Mr. Moudy was unable to make this payment. On April 15, 1909, a levari facias was issued and the property was sold on May 14, 1909, to A. S. Welch. On the evening of the day of the sheriff's sale, A. S. Welch, W. T. Bell and others went to the factory and took possession, placing locks and installing watchmen.

Verdict for defendant by direction of the court and judgment thereon. Plaintiff appealed.

*Error assigned* among others was in directing judgment for defendant.

*James S. Woods*, with him *W. H. Woods, J. W. Leech* and *Harvey Roland*, for appellant.

*Thomas F. Bailey*, with him *W. M. Henderson*, for appellee.

Per Curiam, July 6, 1911:

With the delivery of the sheriff's deed to Allen S. Welch, one of the appellees, there passed to him and to those for whom he purchased the premises in controversy as trustee the right to their possession, for appellant's lease was subject to the mortgage upon which the property was sold, and the appellees having obtained peaceable possession of it, no trespass was committed: Leidy v. Proctor, 97 Pa. 486. As to the alleged conversion by the appellees of personal property belonging to the appellant, the court correctly instructed the jury that, under the evidence, there had neither been any demand for the same nor refusal to turn it over. The verdict having been properly directed for the defendants, the judgment upon it is affirmed.